[No. 19339.   Department Two.   September 2, 1925.]

THE STATE OF WASHINGTON, *on the Relation of Louie Olsen, Appellant,* v. G. W. STOCKER, *Respondent.*[1]

CRIMINAL LAW (68)—PLEA OF GUILTY—WITHDRAWAL—APPEAL—MANDATE AND PROCEEDINGS IN JUSTICE COURT. Accused is entitled, after sentence for manufacturing liquor with intent to sell, to withdraw his plea of guilty and to a trial, where he was without counsel and was misled and thought he was pleading guilty to the lesser offense of manufacturing; the caption of the complaint merely charging the manufacture, and the docket entry showing that he had "committed the offense of manufacturing liquor:"

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered December 20, 1924, affirming, on certiorari, a conviction and sentence in justice court upon denial of the withdrawal of a plea of guilty. Remanded for further proceedings.

*Corkery & Corkery,* for appellant.

*Chas. H. Leavy* and *A. O. Colburn,* for respondent.

MACKINTOSH, J.—Complaint was filed in the justice's court presided over by the respondent, charging appellant with the offense of manufacturing liquor with intent to sell. The relator was arrested and, without the advice of counsel, entered a plea of guilty and was sentenced to the maximum imprisonment and fine provided by the statute. Immediately thereafter he presented his motion for leave to vacate the judgment and for leave to enter a plea of not guilty. The complaint, while in the charging part alleging the relator was guilty of manufacturing with intent to sell, in the caption appears to be a complaint merely charging the manufacture of liquor, a lesser offense than that for which the relator was sentenced. The respondent's docket entry shows that the relator was charged with

[1]Reported in 238 Pac. 923.

having "committed the offense of mfg liquor." The relator's petition for vacation of the judgment alleged that he had not been advised of his rights, and misunderstood the nature of the charge against him; that, from the complaint, he believed that he was charged with the minor offense of manufacturing liquor, and was willing and intended to plead guilty to this, and that he did not understand that he was charged with the greater offense of manufacturing with intent to sell, and had no intention of pleading guilty thereto, and not until the sentence was pronounced did he have any reason to believe that he was to answer to the greater offense.

That such a mistake could easily be made is apparent from the record; the complaint itself could readily be misunderstood, and the court's entry is further indication that the misunderstanding was not unwarranted. On the refusal of the court to vacate the judgment and allow the relator to withdraw his plea, a writ of certiorari was obtained in the superior court of Spokane county, which, upon a hearing, resulted in the judgment of the lower court being reversed and the cause remanded for further proceedings, for the reason that the sentence and fine did not conform to the entry as it appeared in the justice's docket as to the crime charged. Upon the return to the justice court, the respondent proceeded, over the objection of the relator, to re-sentence and re-fine him as he had originally done, without the taking of any testimony, but merely upon the plea of guilty which had been originally entered, the docket entry now showing that the relator's original plea had been entered to the charge of manufacturing with intent to sell. To reverse this conclusion, the relator secured a second writ of certiorari, and upon a review the superior court affirmed the respondent's action, and this appeal was then taken.

After the first writ of certiorari had been granted and the judgment of the justice of the peace had been set aside, under the facts as they appear in the record, the justice should, in the exercise of a sound discretion, have allowed the relator to withdraw his plea. It is apparent that the relator did not fully understand, at the time the plea was entered, the charge against him; that he was justified in this misunderstanding is obvious, and the court, in the furtherance of justice, should have allowed the plea to be withdrawn when the case was returned to him for further proceedings.

The judgment therefore is that the case now be returned to the justice's court for the purpose of taking a plea upon the complaint and proceeding in accordance with law.

TOLMAN, C. J., HOLCOMB, FULLERTON, and MITCHELL, JJ., concur.